The Humphryes Manufacturing Company, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 99261.    Promulgated September 12, 1941.

*E. G. Rarey, Esq.,* for the petitioner.
*W. W. Kerr, Esq.,* for the respondent.

116

**OPINION.**

HARRON: Petitioner admits that there was a recapitalization in 1936 within the provisions of section 112 (g) (1) (D) of the Revenue Act of 1936, and, consequently, a reorganization. There is no dispute about the facts. The stockholders of petitioner exchanged old stock

for new stock of the same corporation as an incident to a reorganization by recapitalization. A small amount of cash was distributed to the stockholders along with the new stock. In spite of petitioner's recognition that the exchanges in question were made pursuant to a reorganization, petitioner endeavors to find in the transaction a distribution of a taxable dividend to its stockholders so as to obtain a dividends paid credit under section 27 (e).[1] Petitioner argues that old preferred stockholders received the new preferred stock in two ways: (1) That new preferred stock was given in exchange for old preferred stock at the rate of 1 share of new preferred stock for 4 shares of old preferred stock; and (2) that other new preferred stock was given in exchange for a release by each stockholder of his right to arrears in dividends, at the rate of 1 share of new stock having a par value of $100 per share for each $100 worth of dividends in arrears, or fractional shares of new stock were given for a lesser amount of dividends in arrears. The substance of this argument is that petitioner contends that it distributed a stock dividend along with the exchanges of preferred stocks in the transactions carried out pursuant to the reorganization.

The main question is whether the distribution of part of the new preferred stock was a taxable dividend. The same question was presented in *Skenandoa Rayon Corporation* v. *Commissioner*, 122 Fed. (2d) 268. Upon practically the same arguments from the taxpayer in that case, the court, in affirming this Board (see 42 B. T. A. 1287), rejected the taxpayer's claim. The question here is, therefore, controlled by the *Skenandoa* case. See also, *South Atlantic Steamship Line*, 42 B. T. A. 705; *J. Weingarten, Inc.*, 44 B. T. A. 798.

In this case 5,516 shares of 8 percent preferred stock were exchanged for approximately 1,730 shares of new 6 percent preferred stock and 459 shares of new common stock. If we accept the contention, for purposes of argument only, that "the right to arrears of undeclared dividends was something in addition to the shares" of the old stock, and that, consequently, the stockholders received 351 shares of the new stock for release of a claim to arrears of undeclared dividends, nevertheless the 351 shares of new stock were "securities in a corporation a party to a reorganization." See *Skenandoa Rayon Corporation, supra.* As such, the exchange comes within section 112 (b) (3), being an exchange of stock for stock and securities in a corporation a party to a reorganization, and the exchange is a non-

---

[1] SEC. 27. CORPORATION CREDIT FOR DIVIDENDS PAID.

    *        *        *        *        *        *        *

    (e) TAXABLE STOCK DIVIDENDS.—In case of a stock dividend or stock right which is a taxable dividend in the hands of shareholders under section 115 (f), the dividends paid credit with respect thereto shall be the fair market value of the stock or the stock right at the time of the payment.

taxable exchange. It follows that a dividends paid credit can not be allowed for the 351 shares of the new stock because they were distributed in a nontaxable distribution, and section 27 (h)[2] prohibits allowance of a dividends paid credit for nontaxable distributions.

It is also pointed out that, even if it could be held, by some ingenious reasoning, that the 351 shares of new stock constituted a stock dividend, as petitioner claims, proof of the fair market value of the new stock was required, but none was offered at the hearing. See *Skenandoa Rayon Corporation* v. *Commissioner, supra.* It should be noted, also, that petitioner did not declare a stock dividend and, consequently, section 115 (f) is not applicable. See *J. Weingarten, Inc., supra.*

Petitioner also argues that the 351 shares of new preferred stock constituted a stock dividend within the meaning of section 115 (f) (2).[3] We have already stated that we consider section 115 (f) inapplicable. But, in further answer to petitioner's argument, the following applies. Petitioner refers to the General Code of Ohio, section 8623-72. Those provisions of the Ohio Code relate to relief to be given to a dissenting shareholder where articles of incorporation have been amended, or where reorganization of a corporation has been authorized. The "relief" given to a dissenting shareholder is payment of the fair cash value of his shares of stock, which is to be determined by a court of common pleas, as a last resort. Because of such relief provisions in the Ohio Code, petitioner argues that its shareholders had an election as to the medium of payment of the alleged "dividend." The plan of reorganization did not give petitioner's stockholders an election to take shares of new stock or cash at their option. The court in the *Skenandoa Rayon* case heard a similar argument, and answered it in the following words, which we apply here: "Had a large number of holders stood out for cash, the plan of recapitalization would no doubt have been abandoned."

---

[2] SEC. 27. CORPORATION CREDIT FOR DIVIDENDS PAID.

\* \* \* \* \* \* \*

(h) NONTAXABLE DISTRIBUTIONS.—If any part of a distribution (including stock dividends and stock rights) is not a taxable dividend in the hands of such of the shareholders as are subject to taxation under this title for the period in which the distribution is made, no dividends paid credit shall be allowed with respect to such part.

[3] SEC. 115. DISTRIBUTIONS BY CORPORATIONS.

\* \* \* \* \* \* \*

(f) STOCK DIVIDENDS.—

\* \* \* \* \* \* \*

(2) ELECTION OF SHAREHOLDERS AS TO MEDIUM OF PAYMENT.—Whenever a distribution by a corporation is, at the election of any of the shareholders (whether exercised before or after the declaration thereof), payable either (A) in its stock or in rights to acquire its stock, of a class which if distributed without election would be exempt from tax under paragraph (1), or (B) in money or in any other property (including its stock or in rights to acquire its stock, of a class which if distributed without election would not be exempt from tax under paragraph (1), then the distribution shall constitute a taxable dividend in the hands of all shareholders, regardless of the medium in which paid.

It is held that petitioner is not entitled to a dividends paid credit under section 27 (e) in the amount of $35,100 with respect to the distribution of the 351 shares of new stock.

There is one other question remaining for consideration.

Petitioner included in the total amount of the dividends paid credit which respondent has denied the $3,610 cash which was distributed in payment of fractional shares in the exchange of preferred stocks. Petitioner does not make clear under what subsection of section 27 it claims a credit for the cash distribution. No dividends, in cash or in stock, were declared on the old 8 percent stock which was surrendered under the exchange. The holders of the old stock received the cash as part of the exchange and only upon surrender of old stock. The cash distributed in the exchange can not be treated as a dividend for the same reasons that no part of the stock distributed can be treated as a dividend, under the rule of the *South Atlantic Steamship Line* and *Skenandoa Rayon* cases. Furthermore, under section 27 (h), if any part of a distribution is not a taxable dividend in the hands of the shareholders, no dividends paid credit may be allowed. It appears that petitioner's claim for this credit must be on the ground that the cash distribution is a taxable dividend in the hands of the shareholders, and that a credit is allowable under section 27 (a). Upon this issue the burden of proof is upon the petitioner:

In *J. Weingarten, Inc., supra*, we held that a credit was allowable for similar distributions of cash which were made along with distributions of new stock in exchange for old stock, but the reason the credit was allowed was that the cash distributions were not shown to be not taxable to the distributees by the party upon whom the burden of proof rested. In other words, the credit was allowed for a failure of proof on the issue. In that case the respondent had allowed a dividends paid credit in an amount which included the cash distributions; later, he disallowed the credit by amending his answer, and, accordingly, the burden was upon the respondent to show that the credit should not be allowed. That burden required proof that the cash distributions were nontaxable in the hands of the distributees, so as to be barred from a credit by section 27 (h). In this case, the burden is upon the *petitioner* to prove that the cash distributions were taxable dividends *in the hands of the distributees*, so as to remove the bar to the credit contained in section 27 (h). Petitioner has failed to meet the burden of proof, and, accordingly, must be denied a credit for the cash distributions. The issue must be treated here in the same way that we treated the issue in the *Weingarten* case, although the result is the reverse. It is held that petitioner is not entitled to a dividends paid credit for the $3,610 cash distributions.

*Decision will be entered for the respondent.*